```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_10/20/2020_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
ANN PREMNAUTH,                                                          :
                                                                        :
                               Plaintiff,                               :
                                                                        :                    19-cv-9077 (LJL)
              -v-                                                       :
                                                                        :                    ORDER
450 CONCORD AVE. CORP.,                                                 :
                                                                        :
                               Defendants.                              :
                                                                        :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       The Court has been informed that the parties in this action, brought pursuant to the Fair
Labor Standards Act, 29 U.S.C. § 201 *et seq.*, have reached a settlement in principle. *See* Dkt.
No. 43. Under current Second Circuit law, any settlement—including any proposed attorney's
fee award—must be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection
Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199
(2d Cir. 2015).

       Accordingly, it is hereby ORDERED that, on or before November 19, 2020, the parties
must submit the settlement agreement to the Court along with a joint letter explaining the basis
for the proposed settlement and why it should be approved as fair and reasonable, with reference
to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y.
2012).  The letter should address any confidentiality provisions, non-disparagement provisions,
or releases in the proposed settlement agreement. The letter should also address, if applicable,
any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with
documentation to support the latter, if appropriate) consistent with the principles set forth in
*Fisher*, 948 F.3d at 600.  It is not sufficient to state the proportion of the requested attorney's fee
to the overall settlement amount.  Rather, the reasonableness of attorney's fees must be evaluated
with reference to "adequate documentation supporting the attorneys' fees and costs," which
"should normally [include] contemporaneous time records indicating, for each attorney, the date,
the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020
WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (LJL) (discussing the requirements for adequately
justifying an attorney's fee).  Failure to provide the appropriate or sufficient documentation
could result in the Court rejecting the proposed fee award.

       SO ORDERED.

Dated: October 20, 2020                    _____
       New York, New York                              LEWIS J. LIMAN
                                                     United States District Judge